FILED
MAR 1 1 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MICHAEL MURRAY, #356590,

    Petitioner,

v.                          CIVIL ACTION NO. 2:09cv476

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Michael Murray ("Murray"), was convicted in the Circuit Court of the City of Virginia Beach, Virginia, on October 31, 2005, of one (1) count of robbery and one (1) count of malicious wounding. Murray was sentenced to a total of sixty (60) years in prison with thirty (30) years suspended on February 8,

2006.[1] The Circuit Court gave Murray credit for time already served while awaiting trial.

Murray filed a Petition for Appeal in the Court of Appeals of Virginia on May 24, 2006. Murray argued that (1) the trial court erred in finding the evidence was sufficient to support a finding of guilt for malicious wounding, and (2) the trial court erred in denying the motion to dismiss for failure to hold a speedy trial. Murray v. Commonwealth, No. 0414-06-1 (Va. Ct. App. May 24, 2006). On May 26, 2006, Murray filed an Amended Petition for Appeal, adding a claim that the trial court erred in finding the evidence was sufficient to support a finding of guilt for robbery. Murray v. Commonwealth, No. 0414-06-1 (Va. Ct. App. May 26, 2006). The Court of Appeals reviewed the petition on the merits and denied the petition for appeal on September 5, 2006. Murray filed a Demand for Consideration for a Three Judge Panel on September 15, 2006,[2]

---

[1] Murray was sentenced to forty (40) years of imprisonment for robbery with twenty (20) years suspended and twenty (20) years of imprisonment for malicious wounding, with ten (10) years suspended. The Court notes that both Murray and Respondent assert that Murray was sentenced to thirty-seven (37) years in prison. The Sentencing Order reflects that Murray was sentenced to thirty (30) years in prison, and the Court is unable to identify the source of the additional seven (7) years of the sentence from the record.

[2] Murray raised the following arguments in his Demand for Consideration for a Three Judge Panel:
(1) The victim's testimony was inherently incredible because of the inconsistencies between her trial testimony and her statements made at the time of the incident, and
(2) The Court of Appeals should consider the due process arguments the defendant made before the Circuit Court regarding the

which was summarily denied by the Court of Appeals on November 28, 2006.

Murray filed a petition for appeal in the Supreme Court of Virginia on December 22, 2006.[3] On May 14, 2007, the Supreme Court summarily denied Murray's petition.

On November 13, 2007, Murray filed a Petition for Writ of Actual Innocence in the Court of Appeals.[4] Murray argued that the "trial court lacked subject matter jurisdiction over the location of the offenses." Murray v. Commonwealth, No. 2694-07-1 (Va. Ct. App. Nov. 13, 2007). On January 9, 2008, the Court of Appeals found that Murray failed to introduce any new evidence unknown to him or his attorney at the time of his conviction and summarily dismissed the petition. Murray v. Commonwealth, No. 2694-07-1 (Va. Ct. App. Jan. 9, 2008).

On July 6, 2009, Murray filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. On July 30, 2009, The Supreme Court of Virginia denied the petition as untimely under the state habeas corpus statute of limitations, Va. Code § 8.01-

---

pre-arrest delay.

[3] Murray argued the same sufficiency of evidence claim raised in his petition to the Court of Appeals, but argued that the pre-arrest delay violated his Fourteenth Amendment rights. Murray did not raise the Sixth Amendment rights claim in his petition to the Supreme Court of Virginia.

[4] The Court notes that the petitioner's name is mistakenly recorded as "Murry," instead of Murray, in both the Petition for Writ of Actual Innocence and the Order by the Court of Appeals of Virginia.

3

654(A)(2).

While in the custody of the Virginia Department of Corrections at the Lunenburg Correctional Center, Murray executed the instant petition for a writ of habeas corpus on July 29, 2009,[5] pursuant to 28 U.S.C. § 2254, which this Court conditionally filed on September 28, 2009. On October 16, 2009, Murray filed a motion for leave to proceed in forma pauperis, which was granted and the Court ordered the petition filed on November 25, 2009. On December 23, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum. Murray did not file a response to the Motion to Dismiss.

### B. Grounds Alleged

Murray asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a)  Murray was denied effective assistance of counsel when his defense attorney failed to challenge the sufficiency of the evidence to

---

[5] The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions. In this case, Murray's petition was notarized on July 29, 2009; however, it was not postmarked until August 4, 2009. The Court assumes, without finding, that the petition was executed on July 29, 2009, the day it was notarized. Further, the Court considers the petition filed, for purposes of the statute of limitations, on that date.

|     |                                                                                                                                                                                                           |
| --- | --------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | support a finding of guilt on the robbery charge;                                                                                                                                                         |
| (b) | The trial court erred in finding the evidence sufficient to support a finding of guilt for malicious wounding and robbery;                                                                                |
| (c) | Murray was denied effective assistance of counsel when his defense attorney failed to argue that Murray's right to a speedy trial was violated at trial and on direct appeal;[6] and                      |
| (d) | The trial court violated Murray's due process rights in denying his motion to dismiss.                                                                                                                    |

## II. REQUEST TO APPOINT COUNSEL

Murray filed a request to appoint counsel to assist with his habeas corpus proceeding. There is no right to counsel for state prisoners seeking habeas corpus relief in the federal courts in

---

[6] The offense date for the robbery and malicious wounding was July 7, 1994. Murray was not served with the arrest warrant until 2004, ten (10) years after the commission of the crime. A stipulation from Murray's trial explains the gap in time as follows:
> On November 2, 1994 [ed. note - the year was changed from 2004 to 1994 by way of a manual pen-and-ink notation in the stipulation], Greensboro[,] N.C. authorities were (1) advised that Michael Murray, currently in their custody, was wanted in Virginia Beach; (2) that Virginia Beach's teletype was to serve as a detainer; and (3) that Virginia Beach intended to extradite. The North Carolina authorities did not serve the Virginia Beach detainer on the defendant, and actually released him. The Commonwealth did nothing further to locate Mr. Murray.
> The unserved warrant was either placed back in the unserved capias or unserved detainer drawer. The Commonwealth is uncertain as to which. It was only through the application of the newly created [A]ccurint program by the Virginia Beach Police Department to the massive number of unserved warrants that the warrant on Mr. Murray was finally served.

Stipulation, Commonwealth v. Murray, No. CR04-2444 (Va. Cir. Ct. Feb. 1, 2005).

5

non-death penalty cases. See McCleskey v. Zant, 499 U.S. 467, 495 (1991) ("Nor does it imply that there is a constitutional right to counsel in federal habeas corpus."); Penn. v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Therefore, Petitioner's request to appoint counsel is DENIED.

### III. REQUEST FOR AN EVIDENTIARY HEARING

As a preliminary matter, the Court considers Murray's request for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). Petitioner requests an evidentiary hearing as part of the relief sought in the instant petition. (Pet. for a Writ of Habeas Corpus 19.) Murray makes no explicit arguments as to why he is entitled to an evidentiary hearing. Construing Murray's pleadings liberally,[7] the Court considers whether Murray is entitled to an evidentiary hearing because of the arguments set forth in his federal habeas petition.

The Court "may grant an evidentiary hearing in a § 2254 case only where the petitioner has 'allege[d] additional facts that, if true, would entitle him to relief' and has 'establish[ed] one of the six factors set forth in Townsend v. Sain, 372 U.S. 293 (1963).'" Robinson v. Polk, 438 F.3d 350, 368 (4th Cir.

---

[7] "[A] pro se litigant is entitled to a liberal reading of [his] pleadings." Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007). It is with this principal in mind that the Court construes the various pleadings submitted by this pro se petitioner.

6

2006)(quoting Fullwood v. Lee, 290 F.3d 663, 681 (4th Cir. 2002)).[8] Murray alleges no additional facts regarding his claims of prosecutorial misconduct and ineffective assistance of counsel. See Robinson, 438 F.3d at 368 (denying an evidentiary hearing where the petitioner "alleged the *same* facts that had been alleged before the [post-conviction] court"); Cardwell v. Greene, 152 F.3d 331, 338 (4th Cir. 1998) (denying petitioner's request for an evidentiary hearing because he "failed to forecast any evidence beyond that already contained in the record, or otherwise to explain how his claim would be advanced by an evidentiary hearing"), overruled on other grounds by Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000); Bennett v. Angelone, 92 F.3d 1336, 1347 (4th Cir. 1996) (denying

---

[8] The Court notes that 28 U.S.C. § 2254(e)(2) restricts the instances in which a federal court may conduct an evidentiary hearing to situations in which the petitioner has failed to develop the factual basis of a claim in state court proceedings, either because the claim relies on a new rule or because the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). According to the Court of Appeals for the Fourth Circuit, 28 U.S.C. § 2254(e)(2) will not preclude an evidentiary hearing in federal court when the state court has denied the petitioner the opportunity to develop the factual basis of a claim, despite his diligent efforts to do otherwise. Cardwell v. Greene, 152 F.3d 331, 337 (4th Cir. 1998), rev'd on other grounds by Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). However, "Section 2254(e)(2) should not be interpreted to allow a state court to deny a petitioner meaningful review of a federal claim by refusing to permit development of the factual record at the state level." Id. at 338. Therefore an evidentiary hearing is not warranted unless he has "forecasted" to the court additional facts that, if true, would provide a basis for relief. Id. Murray has not met that standard in the instant case because he has not alleged any additional facts that, if true, would arguably provide a basis for habeas relief.

petitioner's request for an evidentiary hearing because he "add[ed] nothing 'additional' to the factual mix already before the district court").

Because the Supreme Court dismissed Murray's claims on the existing record and he alleges no additional facts supporting his claim, the Supreme Court did not "den[y] the petitioner the opportunity to develop the factual basis of a claim." Cardwell, 152 F.3d at 337. As a result, the Court finds that an evidentiary hearing is not required because the facts in the existing record are sufficient to resolve the legal issues raised. See, e.g., Rule 8 of the Rules Governing Section 2254 Cases; Beaver v. Thompson, 93 F.3d 1186, 1190 (4th Cir. 1996). Accordingly, Murray's request for an evidentiary hearing is DENIED.

### IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Murray's habeas corpus petition because the Court FINDS that the petition is barred by the statute of limitations.[9]

#### A. Statute of Limitations

The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which

---

[9] The Court notes that alternatively, the Respondent asserts that claims (a), (c), and (d) are procedurally defaulted and claim (b) is meritless.

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, Murray would have one (1) year from the date on which his conviction became final to file a petition for federal habeas corpus relief. Allen v. Siebert, 522 U.S. 3 (2007). Murray's conviction became final on August 12, 2007, which was ninety (90) days after the Supreme Court of Virginia dismissed his petition for appeal on May 14, 2007, and the date when Murray could no longer appeal his conviction. See Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, absent any applicable tolling period, Murray had until August 12, 2008, to file his federal petition for a writ of habeas corpus. The instant federal petition was not executed until July 29, 2009, which was approximately eleven (11) months beyond the applicable limitations period.

### B. Tolling Considerations

A person in state custody may toll the running of the limitations period during the time in "which a properly filed application for State post-conviction or other collateral [proceeding] . . . is pending." 28 U.S.C. § 2244(d)(2). An application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey

v. Saffold, 536 U.S. 214, 219-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (noting that a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings, "from initial filing [in the trial court] to final disposition by the highest state court" (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))).

An application for state post-conviction review is not "properly filed" just because it is delivered to, or accepted by, the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather,

> an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. (citations omitted). Thus, an application that does not comply with the applicable rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitations period. Id. at 9 (stating that an application was not properly filed and the limitations period was not tolled where the required fee was not included with the filing). Accordingly, a petition that is dismissed by the state court as untimely is "not 'properly filed,' and . . . is not entitled to statutory tolling under § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). On the other hand, an application that complies with the rules

10

governing filings, but contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. Artuz, 531 U.S. at 9.

Murray filed a state petition for a writ of habeas corpus in the Supreme Court of Virginia on June 29, 2009. On July 30, 2009, the Supreme Court of Virginia dismissed the petition as untimely pursuant to Va. Code § 8.01-654(A)(2). Murray v. Johnson, No. 091342 (Va. July 31, 2009). Therefore, Murray's state habeas petition was not properly filed and did not toll the statute of limitations.[10] See Pace, 544 U.S. at 417. Accordingly, Murray had until August 12, 2008, one year after his conviction became final, to file his federal petition for a writ of habeas corpus. Murray did not execute the instant petition until July 29, 2009, more than eleven (11) months after the federal statute of limitations expired.

In addition to his state habeas petition, Murray filed a Petition for Writ of Actual Innocence on November 13, 2007. On January 9, 2008, the Court of Appeals of Virginia dismissed Murray's petition. It is unclear as to whether a petition for writ of actual innocence is considered a collateral matter, which may toll the statute of limitations. See Gibson v. Vaughn, No. 3:08CV181, 2009

---

[10] In any case, tolling the statute of limitations for the state habeas proceeding would not affect the disposition of the case, because those proceedings only lasted approximately one (1) month, and Murray did not file his petition until over eleven (11) months after the statute of limitations expired.

11

U.S. Dist. LEXIS 18612, at *4-5 (E.D. Va. Mar. 5, 2009). The Court notes that, although it is not certain that a writ of actual innocence may serve as statutory tolling under 28 U.S.C. § 2244(d), Murray's claim is still time-barred under the statute of limitations. See id. at *5. If the Court treats Murray's writ of actual innocence as a collateral matter, eligible for statutory tolling, it would toll the statute of limitations for fifty-seven (57) days, giving Murray until October 8, 2008, to file his federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). Murray did not execute the instant petition until July 29, 2009, which is more than nine (9) months after the federal statute of limitations would have expired with the benefit of statutory tolling for the actual innocence petition.

### C. **Equitable Tolling**

Equitable tolling of the limitations period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246. Defendant also "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007); Pace, 544 U.S. at 418. Furthermore, "any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be

12

unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002)(quoting Harris with approval).

Murray did not file a response to Respondent's Motion to Dismiss, and did not provide the Court with any arguments as to why his petition was untimely filed or why his federal habeas petition should not be barred by the statute of limitations. However, construing the pleadings liberally,[11] the Court considers whether Murray should be entitled to equitable tolling. It is clear to the Court that Murray is a pro se litigant, but this is not a sufficient ground for equitable tolling. Courts have consistently rejected arguments that a petitioner should be excused for his unfamiliarity with the legal system and his pro se status, because they are not extraordinary circumstances beyond his control. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(concluding that a pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1015-16 (8th Cir. 2003). Further, delays caused by seeking legal advice and related allegations of inadequate prison law libraries have consistently been held not to constitute the "extraordinary circumstances" necessary to justify equitable

---

[11] See supra note 7.

13

tolling. Bilodeau v. Angelone, 39 F. Supp. 2d 652, 659 n.1 (E.D. Va. 1999) (noting that a petitioner's "decision to blindly seek legal assistance . . . do[es] not warrant application of the equitable tolling doctrine"); Payne v. Rushton, No. 2:04-23351-TLWRSC, 2006 WL 694744, at *5 (D.S.C. Mar. 17, 2006) (denying defendant's request for equitable tolling because the law library's failure to provide revised federal habeas filing deadlines did not "constitute 'extraordinary circumstances'"). After reviewing the entirety of the petition, the Court finds no grounds which would entitle Murray to equitable tolling.

Accordingly, the Court FINDS that Murray is not entitled to equitable tolling and that the instant petition is time-barred. Therefore, the Court recommends that the instant petition be DENIED.

### IV. RECOMMENDATION

For the foregoing reasons, the Court, having found that the instant petition was not timely filed and is barred by the statute of limitations, RECOMMENDS that Murray's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Murray's claims be DISMISSED WITH PREJUDICE.

### V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the

14

Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 53-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

_____
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 11, 2010

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Michael Murray, #356590
Haynesville Correctional Center
P.O. Box 129
Haynesville, VA 22472
PRO SE

Rosemary Bourne
Office of the Attorney General
900 E Main St
Richmond, VA 23219
Counsel for Respondent

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk
March 11th, 2010

16